**Douglas R. Pahl**, OSB No. 950476
DPahl@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Attorneys for Plaintiff
*Coffee Solutions, LLC*

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **COFFEE SOLUTIONS, LLC,** an Oregon limited liability company,<br><br>       Plaintiff,<br><br>  v.<br><br>**UNI-SPLENDOR CORP.**, a British Virgin Islands company,<br><br>       Defendant. | Case No. 3:19-cv-01848-YY<br><br>**PLAINTIFF'S MOTION FOR AN ORDER APPOINTING A RECEIVER AND MEMORANDUM OF LAW IN SUPPORT THEREOF**<br><br>ORAL ARGUMENT REQUESTED<br><br>EXPEDITED CONSIDERATION REQUESTED |

### LOCAL RULE 7-1 CERTIFICATION

Counsel for plaintiff Coffee Solutions, LLC ("**Coffee Solutions**" or "**Plaintiff**") certifies that he has engaged in good faith conferral efforts through email and telephone conversations with counsel for Defendant Uni-Splendor Corp. ("**Uni-Splendor**" or "**Defendant**") to determine if Defendant would support, oppose or take no position on Plaintiff's Motion for Appointment of a Receiver. Despite numerous contacts over more than a month, counsel for Plaintiff has

1- MOTION FOR AN ORDER APPOINTING A RECEIVER
    AND MEMORANDUM OF LAW IN SUPPORT
    THEREOF
146193885

received no substantive response from counsel for Defendant.  Declaration of Douglas R. Pahl in Support of Plaintiff's Motion for an Order Appointing a Receiver (the "**Pahl Declaration**").

## MOTION

Pursuant to Fed. R. Civ. P. 66 and the Court's inherent authority, Coffee Solutions respectfully submits this Motion for an Order Appointing a Receiver (the "**Motion**") to take charge of the property of Coffee Solutions, including the Intellectual Property, as defined in the Declaration of Christopher A. Maletis III in Support of Plaintiff's Motion for an Order Appointing a Receiver (the "**Maletis Declaration**").  In addition to the Maletis Declaration, this Motion is supported by the accompanying Memorandum, the Declaration of Clyde A. Hamstreet in Support of Plaintiff's Motion for an Order Appointing a Receiver (the "**Hamstreet Declaration**") and the Pahl Declaration.

## MEMORANDUM OF LAW

### I.    Introduction

Plaintiff Coffee Solutions requests this Court appoint a neutral receiver to take charge of and sell its assets.  Coffee Solutions is at a standstill.  Its primary creditors – declarant Christopher C. Maletis III ("**Chris Maletis**"), a secured creditor and insider, and Defendant Uni-Splendor, a judgment creditor – each claim priority to the proceeds of any sale of Plaintiff's assets.  Because Chris Maletis is the sole owner of Plaintiff, sale of the assets by him is impractical, as it is likely to be challenged by Uni-Splendor.  A neutral receiver is needed to move forward with valuation and marketing of the assets while they still have value.

The primary assets of Coffee Solutions are patents and other intellectual property associated with a single-cup coffee maker (the "**Intellectual Property**").  Coffee Solutions purchased these assets from an assignee of Remington Designs, LLC ("**Remington**") subject to properly perfected $875,000 security interests (the "**IP Lien**") held by declarant Chris Maletis and his brother Edward Maletis, both of whom were investors in Remington.  At the time of

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Coffee Solutions' purchase of the Intellectual Property, Remington was being sued by Defendant Uni-Splendor to recover more than $20 million for unpaid coffee maker manufacturing costs. Uni-Splendor subsequently obtained a judgment against Remington in the amount of $20,744,484.23 (the "**Judgment**").  Upon learning of the sale of the Intellectual Property to Coffee Solutions, Uni-Splendor successfully moved to amend the Judgment to add Coffee Solutions as a judgment debtor.

Much may be made by Uni-Splendor about how Coffee Solutions came to purchase the Intellectual Property.  Coffee Solutions has now been added to a substantial judgment as a result of that purchase.  Regardless of how Coffee Solutions came to own the Intellectual Property, it owns it now, subject to the competing secured claim of Chris Maletis and the Judgment claim of Uni-Splendor.  Adding to the difficulty, Uni-Splendor has made no secret of its intention to again seek to impose personal liability on Chris Maletis.

Another difficulty is the fact that the value of the Intellectual Property is undetermined. Remington represented the value to be $35 million, although the only professional valuation performed just prior to the Coffee Solutions purchase estimated the value to be $875,000.  This too is challenged by Uni-Splendor.  The longer it languishes unutilized, however, the Intellectual Property is likely growing stale, diminishing whatever value it may have.

As the sole owner of Coffee Solutions, Chris Maletis has a fiduciary duty to act in the best interests of all creditors.  Given the contentious relationship with Uni-Splendor and the fact that Chris Maletis is Coffee Solutions' senior secured creditor, his ability to serve as a neutral fiduciary for all creditors will undoubtedly be challenged.

While the parties litigate the issues of law and fact, Coffee Solutions requests that the Court take the prudent step of appointing a neutral receiver to take charge of the Intellectual Property and, in consultation with the Court and the parties, determine the best course of action to take.  Chris Maletis commits to pay the fees and costs of the receiver and professionals

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

employed by the receiver, asking only that he be reimbursed for such amounts from the first proceeds of any sale of the Intellectual Property.

## II.     Factual Background

Remington was a California limited liability company founded by inventor and entrepreneur Bruce Burrows ("**Burrows**").  Burrows controlled the day-to-day management of Remington, focusing on the single-use coffee market.  Remington contracted with Uni-Splendor to manufacture single-cup coffee makers utilizing proprietary designs and other intellectual property Burrows had contributed to Remington.  Burrows represented the value of the intellectual property to be $35 million, although its precise value remains unknown.  Maletis Declaration ¶¶ 4, 9.

Chris Maletis began investing in Remington in 2014.  Over three years, Chris Maletis invested approximately $4.9 million in Remington, receiving a 3.92 percent membership interest. His brother, Ed Maletis, invested $5 million, receiving a 4 percent membership interest.  Both Chris and Ed Maletis served on Remington's board of managers (the "**Board of Managers**"), resigning on July 15, 2017.  Neither ever received any dividend in respect of their ownership interests in the company.  Maletis Declaration ¶¶ 5, 6, 27.

In 2016, Remington experienced financial difficulties and began to accrue a significant balance with Uni-Splendor.  Burrows contended that flaws in Uni-Splendor's manufacturing caused these financial difficulties, claims Uni-Splendor denied.  Maletis Declaration ¶ 7.

Around this time, Burrows hoped to change the product direction of Remington.  He raised the possibility of Chris and Ed Maletis funding an additional $700,000 for a new coffee brewer prototype that could make espresso from a single-serve pod.  Chris and Ed Maletis agreed to separately advance the funds, but not as equity.  Instead, each would a loan of $350,000 with each secured by Remington's intellectual property (the "**Intellectual Property**").  The Board of Managers unanimously approved the loans (the "**2016 Loans**") on July 21, 2016 and the 2016

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Loans were subsequently properly documented and the lien (the "**IP Lien**") properly perfected. See Maletis Declaration ¶¶ 8 - 10.  Five months later, on December 16, 2016, Uni-Splendor sued Remington in the United States District Court, Central District of California (Case No. 2:16-cv-9316 PA (SSx) (the "**Uni-Splendor Litigation**"), alleging breach of contract and *quantum meruit*.  Remington answered and asserted numerous counterclaims.  Maletis Declaration ¶ 11.

The following summer, on June 15, 2017, Chris and Ed Maletis resigned from the Board of Managers.  On June 23, 2017, the Board of Managers and Burrows discussed the possibility of Remington executing an assignment for the benefit of creditors, focusing primarily on the Intellectual Property, the company's primary assets.  The Board of Managers instructed Burrows to obtain two independent valuations of the company.  However, Burrows apparently only arranged for a single independent valuation of the Intellectual Property, which resulted in a valuation of $875,000 based on the income approach.  Neither Chris nor Ed Maletis participated in the selection of the appraiser, communicated with the appraiser, or had any other involvement in the valuation of the Intellectual Property.  Maletis Declaration ¶¶ 12, 13.

On August 30, 2017, Chris Maletis formed Plaintiff Coffee Solutions as an Oregon limited liability company.  The following day, on August 31, 2017, Remington executed an Intellectual Property Assignment and a General Assignment for the benefit of creditors (jointly, the "**Assignment**"), naming David Hagen ("**Hagen**") as the assignee and noticed pursuant to Cal. Code Civ. Pro § 1802(a).  The Assignment states that it is a general assignment of all assets of Remington (the "**Assets**"), although the only assets transferred to Hagen pursuant to the Assignment were certain items of intellectual property of Remington.  Chris Maletis understood that the only assets that Remington possessed at the time of the transfer was the Intellectual Property.  Maletis Declaration ¶¶ 16, 17.

Subsequently, on August 31, 2017, Hagen, as seller, and Coffee Solutions, as buyer, entered into an Asset Purchase Agreement (the "**Coffee Solutions Purchase**"), pursuant to

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

which Coffee Solutions purchased the Assets, subject to the IP Lien. The purchase price was $875,000, consistent with an appraisal obtained by Burrows of the Intellectual Property. Specifically, the consideration from Coffee Solutions consisted of (a) credit for assuming the security interests that belong to Chris Maletis ($388,896 including principle and interest) and those that belong to Ed Maletis ($388,896 including principle and interest), plus (b) approximately $97,000 in cash. Maletis Declaration ¶ 18.

On September 18, 2017, Hagen informed the Court of the occurrence of the Assignment. On October 25, 2017, Hagen informed the Court he did not intend to further defend the Uni-Splendor Litigation or prosecute the counterclaims. On November 7, 2017, the Court entered judgment in favor of Uni-Splendor and against Remington in the amount of $20,744,484.23 (the "**Judgment**"). Maletis Declaration ¶¶ 19, 20.

On May 18, 2018, Uni-Splendor moved to amend the Judgment (the "**Motion to Amend**") to add Coffee Solutions, Burrows, and Chris Maletis as debtors under the Judgment. Uni-Splendor's allegations in support of the Motion to Amend included alter ego, successor liability, constructively fraudulent transfer, and the need to add parties to promote equity and prevent injustice. Maletis Declaration ¶ 21.

On October 23, 2018, the Court issued a Civil Minutes decision (the "**Order**") granting the Motion to Amend as to Coffee Solutions, but denying it as to Burrows and Chris Maletis, citing due process concerns. In the Order, the Court noted that certain of Remington's assets, including inventory, accounts receivable, bank accounts and other assets had not been accounted for. Maletis Declaration ¶ 22.

After becoming aware that there may exist additional assets that were not transferred to Hagen pursuant to the General Assignment and, in turn, to Coffee Solutions pursuant to the Coffee Solutions Purchase, Coffee Solutions requested of Hagen an accounting of all of Remington's assets at the time of the General Assignment. Coffee Solutions has also made

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

repeated written requests of Hagen to execute and/or ascertain documents to effectuate transfer to Coffee Solutions of intellectual property that should have been conveyed to it pursuant to the Coffee Solutions Purchase.  To date, Hagen has not provided such an accounting and has failed in large part or declined to execute and/or ascertain such documentation.  Maletis Declaration ¶ 26.

The intellectual property is subject to competing claims, specifically the IP Lien and the Judgment.  Certain unsecured creditors have also asserted claims focused on the intellectual property.  The resolution of these competing claims requires adjudication.  Maletis Declaration ¶ 30.

Coffee Solutions has been unable to effectively market, value or sell the intellectual property.  In part due to the competing claims, Coffee Solutions has been unable to determine an acceptable approach to sell the intellectual property or to distribute the proceeds should such a sale occur.  Maletis Declaration ¶ 34.

Coffee Solutions asserts it is in the best interests of all parties for this Court to appoint an independent receiver under Oregon law to (a) take charge of the assets of Coffee Solutions; (b) determine the most beneficial disposition of those assets; and (c) with this Court's assistance, determine the appropriate distribution of any net proceeds of such disposition.  Maletis Declaration ¶ 38.

Appointment of a receiver under these circumstances is reasonably necessary to secure justice to the parties, to protect the assets of Coffee Solutions and to protect the interests of the various interested parties.  Maletis Declaration ¶ 39.

## III.    Legal Standard

Fed. R. Civ. P. 66 governs motions to appoint a receiver.  Courts in the Ninth Circuit consider the following factors in assessing whether to grant relief:

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

> (1) whether the party seeking the appointment has a valid claim;
> (2) whether there is fraudulent conduct or the probability of
> fraudulent conduct by [the party opposing appointment];
> (3) whether the property is in imminent danger of being lost,
> concealed, injured, diminished in value, or squandered; (4) whether
> legal remedies are inadequate; (5) whether the harm to the [party
> seeking appointment] by denial of the appointment would outweigh
> injury to the party opposing appointment; (6) the . . . probable
> success [of the party seeking appointment] in the action and the
> possibility of irreparable injury to [its] interest in the property;
> and. . . (7) whether the . . . interests sought to be protected will in
> fact be well-served by receivership.

*Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009) (*quoting Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316 (8th Cir. 1993)).  However, despite these factors, in determining whether a receiver should be appointed, there is no "precise formula."  *Id*. at 845.  "The district court, exercising broad discretion, 'may consider a host of relevant factors' and 'no one factor is dispositive.'"  *Meritage Homeowners' Assoc. v. Bank of New York Mellon*, 2018 WL 4092017, *3 (D. Or. 2018) (*quoting Canada Life*, 563 F.3d at 845).

"Under federal law, appointing a 'receiver is an extraordinary equitable remedy,' which should be applied with caution."  *Canada Life,* 563 F.3d at 844.  *See also Sterling Sav. Bank v. Citadel Dev. Co.*, 656 F. Supp. 2d 1248, 1259–60 (D. Or. 2009) (surveying case law and concluding that an evidentiary hearing is not required before appointing a receiver).

## IV.    Argument

Appointment of a receiver in this case is appropriate under the *Canada Life* factors, particularly the third through the seventh factors.  First, the property is in imminent danger of being lost, injured, diminished in value or squandered.  The Intellectual Property is languishing because of the ongoing disagreements between Chris Maletis and Uni-Splendor, the two parties with claims to the proceeds of any sale.  Given the fast-paced coffee marketplace, the Intellectual Property risks becoming stale and losing some or all of whatever value it may possess.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Second, the legal remedies available Coffee Solutions to address the proper valuation, marketing and sale of the Intellectual Property are inadequate and inefficient under the circumstances present here.  Chris Maletis plays three roles in this case: the sole owner of Coffee Solutions, a secured creditor of Coffee Solutions, and a party Uni-Splendor asserts should be responsible for amounts owing on its Judgment.  Uni-Splendor has argued that the Intellectual Property was sold to Coffee Solutions for less than fair value.  It is apparent a neutral party, such as a receiver appointed by this Court, is necessary to permit a fair valuation of the property and to assist in the marketing and sale of the property.

Third, the harm to Coffee Solutions and its creditors that will result from denial of the Motion – namely the further delays and diminution of value of the Intellectual Property – outweighs any conceivable injury to Uni-Splendor or any other party that may oppose the appointment.  Indeed, with Chris Maletis' commitment to pay the fees and costs of the receiver and professionals retained by the receiver, subject to the condition that he be reimbursed for those costs from the first proceeds of any sale, the risk of harm rests primarily with Chris Maletis.  All parties will benefit from a credible assessment of the value of the property of Coffee Solutions and the independent marketing and sale of the property.  Present circumstances and distrust have frustrated Coffee Solutions' ability to take those important steps.

Fourth, Coffee Solutions' probability of success in the action is high.  It simply seeks answers it cannot obtain outside of a courtroom.  If it were to attempt to market and sell the Intellectual Property now, it would it face difficulties in settling on a fair sales price in light of the competing views about value and it would face challenges from both contending parties to the proceeds.  These problems make a private sale process difficult.  The likelihood of diminution in the value of the Intellectual Property is high absent appointment of a receiver and identification of a path toward valuing and marketing it.  As noted above, countervailing harm to any party by the relief sought in the Motion is difficult to envision.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Finally, the interests of all concerned in the Intellectual Property will in fact be well-served by the appointment of a receiver.  The receiver will have the resources to value and market the property of Coffee Solutions under the authority of this Court.  The proposed receiver, Hamstreet & Associates, LLC ("**Hamstreet**"), is highly experienced as a court-appointed receiver and trustee and its team of professionals is well respected for their independence, integrity and financial skills.

**V.     Conclusion**

The Motion should be granted.  The Court should appoint Hamstreet to serve as a neutral receiver to take charge of and sell the disputed assets of Coffee Solutions.  Coffee Solutions is at a standstill.  Its primary creditors – Chris Maletis and Uni-Splendor – each claim priority to the proceeds of any sale of Plaintiff's assets.  Because Chris Maletis is the sole owner of Plaintiff, sale of the assets by him is impractical, as it is likely to be challenged by Uni-Splendor.  A neutral receiver – with its fees and costs guaranteed by Chris Maletis – is needed to move forward with the independent valuation and marketing of the assets of Coffee Solutions while they still have value.  The Court can then address the competing claims to the proceeds.

DATED:  December 27, 2019                    **PERKINS COIE LLP**

By: */s/ Douglas R. Pahl*
_____
**Douglas R. Pahl**, OSB No. 950476
DPahl@perkinscoie.com
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Attorneys for Plaintiff
*Coffee Solutions, LLC*

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222